In the Matter of the Claim of JOSEPHINE ROBERTS, on Behalf of Herself and GLORIA ROBERTS and Others, Infants, Respondent, against STAR WOOLEN Co. et al., Appellants, and SPECIAL DISABILITY FUND, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and insurance carrier from a decision of the Workmen's Compensation Board refusing to hold the Special Disability Fund liable for reimbursement under the second injury statute (Workmen's Compensation Law, § 15, subd. 8, par. [e]). The deceased employee had suffered the loss of four fingers and a portion of the thumb on his right hand, prior to his employment by the appellant-employer. He was hired as a " picker operator ", a job which he could perform with the use of only one hand. However, upon reduction of staff, the employer transferred the decedent to a maintenance crew. On the day of the fatal accident, the decedent was standing on a ladder inside the building painting a window. He held the paint brush in his left hand. The ladder was a half section of an extension ladder. The only witness to the accident was another employee who was standing nearby, also engaged in painting work. The employee testified that the decedent apparently thought that the ladder had moved and " he put his stub around underneath

the ladder" in an apparent effort to save himself and, as he did, he threw his weight to the right and the ladder tipped to the right and fell over. The decedent died from the injuries sustained in the fall. At another point in his testimony, the surviving witness stated that the decedent had stood at the top of the ladder; if this were so, he could not have clutched it in an effort to save himself in the manner described by the witness; the fall of the ladder must have been due to some other cause. Even if we accept the version of the accident first given, it cannot be said as a matter of law that the pre-existing physical impairment of the decedent's right hand was an essential factor in the causing of his death. At most, a factual question was presented. Conflicting conclusions might be reached by different triers of the facts as to whether a person with a good right hand could have averted the accident or could have saved himself. The board found that the proof did not establish that the employee's death " would not have occurred except for [his] the previous physical impairment ". The board's determination must be accepted as a final one since we cannot say that it was not supported by substantial evidence. Decision unanimously affirmed, with costs to the Workmen's Compensation Board. Present — Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ.