Gibson, P. J.
Appeal by self-insured employer from a decision discharging the Special Disability Fund under the second-injury law (Workmen’s Compensation Law, § 15, subd. 8). The propriety of the Fund’s exoneration from liability is the sole issue presented; appellant not contesting the board’s finding that decedent, a policeman, sustained a fatal heart attack as the result of emotional stress and physical exertion engendered in the course of his employment. Dr. Morgat, who had attended decedent for several years, certified the cause of death as an acute coronary occlusion, due to arteriosclerotic heart disease. Some five and one-half years before his death, decedent had sustained a heart attack which required four months’ hospitalization, following which, according to the uncontradicted testimony, Dr. Morgat discussed decedent’s condition with decedent’s superior, the Superintendent of Police, and recommended that decedent, on returning to duty, be given “some light type of work”. The Superintendent thereupon assigned decedent to less strenuous duties and he did not thereafter resume the more arduous work he had previously performed. In the case of the death of an employee suffering an impairment within the intendment of the statute, reimbursement of the carrier is required if the subsequent compensable injury “.shall result in the death of the employee and it shall be determined that either the injury or death would not have occurred except for such pre-existing permanent physical impairment”. (Workmen’s Compensation Law, § 15, subd. 8, par. [e].) The test has been stated simply as whether the pre-existing impairment was “ an essential factor in causing the death.” (Matter of Bruton v. Becho Serv. Station, 28 A D 2d 1038, citing Matter of Roberts V. Star Woolen Go., 283 App. Div. 1122.) There is proof in this record which, if accepted by the board, would seem to us to meet this test; but it is not clear from the board’s decision whether this evidence was evaluated and rejected or was overlooked. Thus, Dr. Morgat testified that decedent had sustained permanent heart damage, rendering him more susceptible to another attack upon excessive exertion; and he repeated this testimony at a subsequent hearing, and stated, further, that the underlying coronary pathology played a part in the fatal attack and, finally, that “ both the arteriosclerotic heart disease and the coronary occlusion in 1957 all played a part in the &emdash; were contributory to the final attack that occurred in 1963”. Dr. Chemoff supported this opinion, reporting that the “prior coronary occlusion with its resulting myo *668 cardial scar was a contributing factor to the death. A normal heart might have withstood the sudden stress incurred on April 29, 1963.” Dr. Collins, the Special Fund’s expert, while denying accident (apparently because he considered that neither physical exertion nor emotional upset ever “increases one’s chances of suffering an infarction ”), did not dispute the relationship between the 1957 and 1963 episodes. Despite the conclusions stated by the physicians, the board held, as a predicate of its decision, that “ .there is no proof that the prior condition caused the death or that the death would not have occurred except for the prior condition.” We do not suggest that the board was bound to find the causation that it thus denied; but we are, of course, constrained to point out its error in stating that there was no proof thereof; and we cannot assume that it would have arrived at the same result upon examining and evaluating the evidence that was apparently overlooked. It follows that remittal is necessary for clarification of the board’s findings, or, should the board be so advised, for further development of the proof. We need not now. determine the propriety of the board’s findings “ that the employer did not have an informed opinion or knowledge of a permanent pre-existing physical impairment, and it was not a hindrance or obstacle to decedent’s employment.” While the evidence adduced from Dr. Morgat and the Superintendent of Police as to the lighter work assignment was uneontradieted, we are not required on the present appeal to determine the substantiality of the inferences therefrom drawn by the board, contrary to those urged by appellant. We find without merit respondent Special Fund’s argument that the employer’s claim for reimbursement, interposed less than seven months after decedent’s death, was untimely as not filed “prior to the final determination that the resulting disability is permanent, but in no ease more than one hundred four weeks after the date of disability or death ” (Workmen’s Compensation Law, § 15, subd. 8, par. [f]; emphasis supplied). The language emphasized is completely inapropos to respondent’s contention; and equating “ disability ” and “ death ” would, in this context, create a patent absurdity. The claim was properly filed within 104 weeks after the date of death. (See Matter of Deutsch v. Kumfort Sleep Prods. & Equip. Co., 25 A D 2d 456, affd. 20 N Y 2d 817.) Decision reversed and case remitted to the Workmen’s Compensation Board for clarification of its findings or for further proceedings not inconsistent herewith, with costs to appellant against respondent Special Fund. Gibson, P. J., Herlihy, Reynolds, Aulisi and Gabrielli, JJ., concur in memorandum by Gibson, P. J.