— Appeal from a decision of the Workmen’s Compensation Board, filed January 9, 1976, which discharged the Special Disability Fund from liability under subdivision 8 of section 15 of the Workmen’s Compensation Law. Claimant’s husband was killed in the course of his employment when struck by a forklift towmotor. He was blind in the right eye and deaf in the right ear, both handicaps resulting from a prior industrial accident. When last seen prior to the accident, he had his head turned to the right while the truck that caused his death approached from his left. It is appellants’ contention that his physical limitations compelled him to adopt such a posture. The board has affirmed a referee’s finding that the evidence submitted seeking to hold the Special Disability Fund liable for reimbursement was based upon mere speculation. We agree. In order to prevail, appellants must establish that the pre-existing physical impairment was an essential factor in causing the death (Matter of Bruton v Becho Serv. Sta., *903 28 AD2d 1038, affd 23 NY2d 932; Matter of Roberts v Star Woolen Co., 283 App Div 1122). The board has found, as a matter of fact, that appellants failed to do so and, upon our review of this record, we believe substantial evidence supports its decision (Matter of Kronwitt v Glickman Corp., 28 AD2d 762). Decision affirmed, with costs to respondent Special Disability Fund against the employer and its insurance carrier. Koreman, P. J., Greenblott, Sweeney, Kane and Mahoney, JJ., concur.